**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Certain Underwriters at Lloyd's, | ) | |
| London, Subscribing to Certificate | ) | |
| Number 331902 R-5, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:14-cv-2281-PMD-TER |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Harry Sypniewski, Kathleen Sypniewski, | ) | |
| Robert Sypniewski, and Irene Bellamy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This declaratory judgment action stems from a personal injury action that Irene Bellamy filed in South Carolina state court against Robert Sypniewski. After Bellamy filed her suit, Plaintiff filed this declaratory judgment action in order to have this Court determine whether an insurance policy that Plaintiff issued to Harry and Kathleen Sypniewski required Plaintiff to defend and indemnify Robert Sypniewski in Bellamy's lawsuit.

While this matter was pending, the Court learned that Bellamy's lawsuit had been dismissed. The Court asked the parties to submit briefs addressing whether this action presents a justiciable controversy and, if so, whether this Court should nonetheless decline to exercise its jurisdiction. *See Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985) ("[L]ack of subject matter jurisdiction is an issue that requires sua sponte consideration when it is seriously in doubt."). Plaintiff and Robert Sypniewski filed briefs opining that this matter is not justiciable. No other party filed a brief.

Subject matter jurisdiction in the federal courts is limited to the adjudication of actual "cases" and "controversies" under Article III of the United States Constitution. *See Deakins v.*

*Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."). In a declaratory judgment action, a liability insurance company's obligation to defend and indemnify is determined by the allegations against the insured in the underlying personal injury complaint. *Mfrs. & Merchs. Mut. Ins. Co. v. Harvey*, 498 S.E.2d 222, 227 (S.C. Ct. App. 1998) (citing *R.A. Earnhardt Textile Mach. Div. Inc. v. S.C. Ins. Co.*, 282 S.E.2d 856, 857 (S.C. 1981) (per curiam)). Here, the dismissal of Bellamy's lawsuit means there is no underlying complaint that could potentially trigger defense or indemnity obligations. Thus, there is no actual, ongoing coverage controversy before the Court. *Cf. Union Ins. Co. v. Soleil Grp., Inc.*, 465 F. Supp. 2d 567, 574–75 (D.S.C. 2006) (finding liability insurer's declaratory judgment action was not justiciable because no action had been filed against the insured). Accordingly, the Court lacks jurisdiction and must dismiss this case. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that this action is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

October 23, 2015
Charleston, South Carolina